528 A.2d 1032

Kenneth J. Gratkie and Lorraine Gratkie, et al., Appellants *v.* Air Wisconsin, Inc., a corporation, et al., Appellees.

Argued March 24, 1987, before Judges MacPhail and Doyle, and Senior Judge Kalish, sitting as a panel of three.

*Louis M. Tarasi, Jr.*, with him, *Sandy W. Scichilone, Tarasi, Tighe, Tierney & Johnson, P.C.*, for appellant.

*Samuel P. Kamin*, Assistant County Solicitor, with him, *James J. Dodaro*, County Solicitor, Allegheny County Law Department, for appellees.

Opinion by Judge MacPhail, July 20, 1987:

Appellants, a group of landowners near the Greater Pittsburgh International Airport, appeal an order of the

Allegheny County Court of Common Pleas which dismissed Appellants' complaint as to Allegheny County (County). We affirm.

Appellants filed suit against the County and some twelve airlines. The pertinent portion of Appellants' complaint dealing with the County reads as follows:

15.   At the times hereinafter complained of the Defendant Allegheny County was the owner and operator of the Greater Pittsburgh International Airport which is situate in the Townships of Moon and Findley, Allegheny County, Pennsylvania and the other various and sundry Defendants were tenants and/or users of the Greater Pittsburgh International Airport.

16.   On and after April 18, 1980, the Defendants, through their conduct and/or misconduct, jointly and/or severally, so willfully, wantonly, recklessly, and negligently and/or negligently, established flight patterns and/or flew over or near or about the homes of the Plaintiffs herein through their agents, servants, workmen or employees of the Defendants, jointly and/or severally, then and there engaged in the course of the Defendants' businesses and within the scope of their agency and/or employment as to cause the hereinafter stated injuries and damages.

17.   The negligent, willful, wanton and reckless misconduct and/or conduct of the Defendants, jointly and/or severally, herein complained of, commencing on April 18, 1980, and continuing to the present time, which is the direct and proximate cause of the injuries and damages suffered and sustained by the Plaintiffs, as herein set forth is the result of the conduct and/or misconduct of the Defendants generally and in the following particulars:

(a) In negligently and/or intentionally establishing and flying flight patterns over, above and near the homes of the Plaintiffs, when the Defendants knew or should reasonably have known that to do so would cause serious injury and damages to the lives, health, well-being and properties of the Plaintiffs.

(b) In negligently and/or intentionally flying aircraft over, above and near the homes of the Plaintiffs when the Defendants knew or should reasonably have known that to do so would be injurious and damaging to the lives, health, well-being and properties of the Plaintiffs.

(c) In negligently and/or intentionally continuing to so conduct themselves when they know or should reasonably know that to continue to do so will cause great pain, suffering, inconvenience, anguish and damage to the lives, health, well-being and properties of the individual Plaintiffs.

Appellants' Complaint at 8-10, Reproduced Record at 21a-23a.

The County filed Preliminary Objections among the bases for which was its claim that it is entitled to governmental immunity under Section 8541 and 8542 of the Judicial Code, 42 Pa. C. S. §§8541, 8542. The Common Pleas Court sustained the County's Preliminary Objections on this basis.[1]

---

[1] As the Common Pleas Court noted, Pa. R.C.P. No. 1030 requires the defense of governmental immunity to be pleaded in an answer and new matter. This Court has repeatedly held, however, that governmental immunity may be raised in preliminary objections where, as in the case *sub judice,* the defense is apparent on the face of the pleading under attack. *Dorsch v. Butler Area School District,* 105 Pa. Commonwealth Ct. 519, 525 A.2d 17 (1987).

Our scope of review in this case is limited to a determination of whether the Common Pleas Court abused its discretion or committed an error of law in sustaining the County's preliminary objections. *Kasavage v. City of Philadelphia,* 105 Pa. Commonwealth Ct. 554, 524 A.2d 1089 (1987).

The pertinent portions of the sections in the Judicial Code which provide for governmental immunity read as follows:

Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa. C. S. §8541.

(a) **Liability imposed.**—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if . . . the injury occurs as a result of one of the acts set forth in subsection (b)[.]

. . . .

(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

(1) *Vehicle liability.*—The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, 'motor vehicle' means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air.

. . . .

(3) *Real property.*—The care, custody or control of real property in the possession of the

local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa. C. S. §8542.

Appellants aver that the present case falls under both the vehicle liability exception found at 42 Pa. C. S. §8542(b)(1) and the real property exception found at 42 Pa. C. S. §8542(b)(3). We disagree.

As for the vehicle liability exception, we need but keep in mind that the exceptions set forth in 42 Pa. C. S. §8542 are to be interpreted narrowly. *Mascaro v. Youth Study Center,* Pa. , 523 A.2d 1118 (1987). The vehicle liability exception provides for liability only if the motor vehicle was "in the possession or control of the local agency." Obviously, the County does not possess any of the commercial airplanes using the airport. Further, the County does not control the airplanes because "federal laws and regulations have preempted local control of aircraft flights." *Luedtke v. County of Milwaukee,* 521 F.2d 387, 391 (7th Cir. 1975). As such, the actions of the County do not fall under the vehicle liability section.

More difficult to analyze is the question of whether the County's operation of the airport falls under the real property exception. Helpful in this endeavor is recent language of our Supreme Court found in *Mascaro:*

Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. Acts of *others,* however, are specifically excluded in the general immunity section (42 Pa. C. S. §8541), and are no-

where discussed in the eight exceptions. On this basis alone, we must conclude that any harm that others cause may not be imputed to the local agency or its employees.

. . . .

[T]he real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability.

*Id.* at    , 523 A.2d at 1124 (emphasis in original).

Here, the local agency's real estate is intended to be used and is regularly used for the take-offs and landings of airplanes. There is no allegation that the real estate is unsafe for that purpose. Further, the damages claimed by Appellants have been caused by third parties, namely, the airlines who use the airport. It is true that the airport may facilitate the airlines in inflicting damage upon the Appellants, but there is no allegation that an "artificial condition or defect of the land itself" caused any injury.

What Appellants really complain of, it seems to us, is the placement of the location of the airport near them. It is obvious, however, that in today's society, an airport is a necessity for any metropolitan area. Practically anywhere an airport could be placed in one of these metropolitan areas would cause damage to surrounding landowners. While the Appellants may have a remedy in inverse condemnation for the "taking" of their land for the public good, *see Gardner v. Allegheny County*, 382 Pa. 88, 114 A.2d 491 (1955); *Gardner v. Allegheny County*, 393 Pa. 120, 142 A.2d 187 (1958); Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), a tort remedy is precluded by the doctrine of governmental immunity.

The parties to this action have spent quite a bit of time and effort arguing over whether Appellants' action against the County is barred solely because the regulation of airplane flights has been preempted by the federal government. We find no need to reach this issue, but rather decide the case strictly on the basis of governmental immunity as set forth in 42 Pa. C. S. §§8541 and 8542.

We do feel constrained to distinguish this case, however, from one cited by the parties: *Mistecka v. Commonwealth*, 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979). In that case this Court found that a claim by motorists who were injured when rocks were thrown at their automobiles by third parties standing on an overpass did come within the statutory waiver of *sovereign* immunity with respect to damages caused by a dangerous condition of Commonwealth real estate.

This waiver, which was previously found at 42 Pa. C. S. §5110 but which is now found at 42 Pa. C. S. §8522, is different from the waiver of *governmental* immunity with which we deal in this case, found at 42 Pa. C. S. §8542.

The waiver of *governmental* immunity provides that liability may be imposed on a local agency by the care, custody or control of real property, while the waiver to *sovereign* immunity provides that the Commonwealth may be liable for a "dangerous condition" of real estate. It seems to us that the concept of a dangerous condition of real estate may more easily be said to include the acts of third parties than can the concept of damage caused by the care, custody or control of the real property. The latter seems to focus more on the actual defects of the real estate itself, not any "dangerous condition" which may be caused by third parties.

Further, we note that the injured parties in *Mistecka* were actually on Commonwealth property when

they were injured. In the case at bar, Appellants claim injury on their own property by instrumentalities that were once on County property.

For these reasons, we feel that *Mistecka* is distinguishable from the instant case.

We conclude that the Common Pleas Court was correct in granting the County's preliminary objection and must be affirmed.

## ORDER

The order of the Court of Common Pleas of Allegheny County sustaining the preliminary objections of Allegheny County and dismissing Appellants' complaint as to Allegheny County is affirmed.