532 A.2d 411

**John F. CHEVALIER and Anita Chevalier, Appellees,**

v.

**CITY OF PHILADELPHIA, Appellant.**

Supreme Court of Pennsylvania.

Argued April 7, 1987.

Decided Oct. 15, 1987.

Hansel B. Minyard, City Sol., Barbara R. Axelrod, Deputy City Sol., Ralph J. Luongo, Asst. City Sol., for appellant.

Joseph S. Grossman, Allen L. Rothenberg, Thomas R. Yorko, Philadelphia, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of the City of Philadelphia (Appellant) from the Opinion and Order of the Commonwealth Court reversing the Order of the Court of Common Pleas of Philadelphia County granting Appellant's Motion for Judgment on the Pleadings and remanding the matter to the trial court with leave for John F. Chevalier and Anita Chevalier, Appellees, to amend their Complaint.

On May 31, 1983, Appellees filed a Complaint against Appellant and Frederic R. Mann Music Center and alleged that on July 19, 1982, while on the music center's parking lot, Mr. Chevalier was the victim of torturous acts of unknown third persons which were facilitated by the lack of proper security at the center and parking lot. Appellees further alleged that the City and center owned, operated, maintained, possessed and controlled the parking lot and that both the City and center knew that a dangerous condition existed at the parking lot and that because no lighting existed on the lot, Appellee's injuries occurred.

In its Answer, the City denied any negligence and invoked the City's governmental immunity conferred by the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8541, et seq., and moved for summary judgment. Appellees argued that the City was not immune from the injuries sustained by Mr. Chevalier by virtue of exception four of the Tort

Claims Act, which deals with trees, traffic controls and street lighting. 42 Pa.C.S. § 8542(b)(4).[1]

The Honorable Alfred J. DiBona, Jr. rejected Appellees' arguments and concluded that the Complaint failed to allege that the City knew, or should have known, of any "dangerous condition" existing because of the poor lighting, or that the City had sufficient time prior to the crime to take preventive measures to protect against the "dangerous condition" as required by the provisions of 42 Pa.C.S. § 8542(b)(4). Since the Complaint failed to allege notice in time to protect, the trial court ruled the Complaint insufficient to support a cause of action. For this traditional reason alone, the trial judge held that exception four of the Tort Claims Act was held to be unavailable to Appellees. The City's Motion for Judgment on the Pleadings was granted, and Appellees' Complaint dismissed as to the City. Appellees appealed to the Commonwealth Court which concluded that Appellees should have been given the opportunity to amend their Complaint. They, accordingly, reversed and remanded with leave to file an Amended Complaint. *Chevalier v. Philadelphia*, 91 Pa.Commonwealth Ct. 36, 496 A.2d 900 (1985).

The City thereupon filed its Petition for Allowance of Appeal which was granted, and for the following reasons, we now reverse the Opinion and Order of the Commonwealth Court.

1. 42 Pa.C.S. § 8542(b)(4) provides in pertinent part:

(b) *Acts which may impose liability.*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(4) *Trees, traffic controls and street lighting.*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

Appellees' Complaint is grounded on an episode wherein Mr. Chevalier was mugged in a city maintained parking lot. Appellees further complain that because the City did not light the parking lot adequately, the area became conducive for the type of criminal activity to which he was exposed and which brought about his injuries.

Under such a factual allegation, judgment on the pleadings is properly granted, but not for the reasons ascribed by the trial judge and indulged in by the Commonwealth Court. The City's Motion for Judgment on the Pleadings is properly granted because the harm caused by third persons may not be imputed to a local agency or its employees. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *see also, Johnson v. SEPTA*, 516 Pa. 312, 532 A.2d 409 (1987).

In *Mascaro,* we held that the Tort Claims Act, specifically 42 Pa.C.S. § 8541, clearly precludes the imposition of liability on the Commonwealth or its local agencies for the acts of third parties, and the Legislature has not seen fit to waive immunity for such actors or their acts in *any of the eight* exceptions.

Since Appellee's injuries were caused by the criminal acts of a third party, the City is insulated from *all* liability for the harm caused by such a party.

Amendment to the complaint, under these circumstances, would be futile since no cause of action exists against the City for the injuries Mr. Chevalier sustained at the hands of his unknown attacker.

Accordingly, the Opinion and Order of the Commonwealth Court is reversed and the Order of the Court of Common Pleas of Philadelphia County entering judgment on the pleadings and dismissing Appellees' Complaint is reinstated.

ZAPPALA, J., did not participate in the consideration or decision of this case.

HUTCHINSON, J., concurs in the result.

LARSEN, J., files a dissenting opinion.

320 .

LARSEN, Justice dissenting.

I dissent and would affirm on the basis of the opinion authored by Judge Theodore O. Rogers in this case and on the basis of my opinion in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987) (Larsen, J., dissenting).