532 A.2d 409

Esther Powell JOHNSON and William Douglas
Johnson, Appellees,

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION
AUTHORITY and City of Philadelphia, Appellants.

Supreme Court of Pennsylvania.

Argued April 6, 1987.

Decided Oct. 15, 1987.

Hansel B. Minyard, City Sol., Barbara R. Axelrod, Deputy City Sol., for City of Philadelphia.

Joan L. Greson, for S.E.P.T.A.

Thomas A. Winkelspecht, Elliott M. Winer, Philadelphia, for Johnsons.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is the appeal of the City of Philadelphia, Appellant, from the opinion and order of the Commonwealth Court reversing the order of the Court of Common Pleas of Philadelphia County granting Appellant's Motion for Judgment on the Pleadings.[1]

On December 9, 1980, Esther Powell Johnson and William Douglas Johnson (Appellees) filed a complaint in trespass against the City and Southeastern Pennsylvania Transportation Authority (SEPTA) alleging that on July 11, 1980, as Mrs. Johnson was alighting from a Philadelphia subway train and attempting to leave the underground Morris Street subway exit, she was assaulted by an unknown assailant who attempted to snatch her handbag and, in the process, threw her to the ground injuring her.

Appellees alleged that the City and SEPTA knew, or should have known, that the underground tunnels were known hangouts for criminal activity and owed a duty to protect her and members of the public who use the station from such criminal assaults. The City filed an answer alleging that Appellees' claim against it was barred by the City's government immunity conferred by the Political Sub-

1. SEPTA was not involved in the appeal taken to Commonwealth Court and similarly is not involved in this appeal.

division Tort Claims Act [2] and moved for Judgment on the Pleadings.

Appellee contested the Motion for Judgment on the Pleadings arguing that pursuant to 42 Pa.C.S. § 8542(b)(3),[3] liability could be imposed against the City in regard to acts involving the "care, custody or control of real property in the possession of the local agency." Appellee alleged that her assault was related to the City's care, custody and control of its real property.

The Honorable Alfred J. DiBona, Jr. of the Court of Common Pleas of Philadelphia County granted the City's Motion for Judgment on the Pleadings in a concise statement that "failure to supervise or provide adequate police protection is outside the waiver of immunity found at 53 P.S. § 5311.202 or 42 Pa.C.S.A. § 8542(b)." (Trial Court Opinion p. 1). Appellees filed an appeal to the Commonwealth Court which, by its opinion and order of September 11, 1985, reversed the order of the trial court and remanded the record to the trial court for further proceedings. *Johnson v. Southeastern Pennsylvania Transportation Authority*, 91 Pa. Commonwealth Ct. 587, 498 A.2d 22 (1985).

It was from that order that the City filed its Petition for Allowance of Appeal with this Court. Because of the importance of defining the extent to which the real estate exception to the Political Subdivision Tort Claims Act could be invoked, we granted allocatur and, upon review, conclude that the Commonwealth Court was in error in reversing the

---

**2.** The Political Subdivision Tort Claims Act in effect when Mrs. Johnson was attacked was the Act of November 26, 1978, P.L. 1399, as amended, 53 P.S. §§ 5311.101–5311.803. This Act was repealed on October 5, 1980, and recodified with little substantive change at 42 Pa.C.S. §§ 8541, 8542.

**3.** 42 Pa.C.S. § 8542(b)(3) provides in pertinent part:

(b) *Acts which may impose liability*—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

... (3) *Real Property*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

trial court's entry of judgment on the pleadings and, accordingly, we now reverse.

As already noted, the gravaman of Appellees' complaint is that the criminal assault that Mrs. Johnson suffered in the subway was directly related to the care, custody or control of real estate in the possession of the City, and that liability can be imposed against the City pursuant to the real estate exception of the Political Subdivision Tort Claims Act, 42 Pa.C.S. § 8542(b)(3). Appellees read the real estate exception to extend to injuries which occur on municipally controlled property and which stem from the inadequate control and supervision of *persons* who cause injuries to the public. We must disagree with Appellees' interpretation of 42 Pa.C.S. § 8542(b)(3).

We have recently held that "the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987).

There is no allegation in Appellees' complaint that she was injured by a defect of the land itself only that the condition of the land facilitated her injury by another. On these facts, no cause of action exists against the City for the injuries Mrs. Johnson suffered.

We find *Mascaro* to control the disposition of this case and, accordingly, reverse the Order and Opinion of the Commonwealth Court and reinstate the Order of the Court of Common Pleas of Philadelphia County granting the City's Motion for Judgment on the Pleadings.

ZAPPALA, J., did not participate in the consideration or decision of this case.

HUTCHINSON, J., concurs in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent and would affirm on the basis of the opinion authored by Judge Theodore O. Rogers in this case and on the basis of my opinion in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987) (Larsen, J., dissenting).