## Wilson v. Miladin

*John A. Clay,* for plaintiffs.
*Charles Buechel Jr.,* for defendant Craig Miladin.
*Michael Smith,* for defendant Stuby and Midland Area School District.
*James McGregor,* for defendant Rochester Area School District.

MANNIX, *J.,* January 20, 1988 — This court presently has before it one of the most interesting motions for summary judgment that it has been called upon to decide. The moving parties are (1) Rochester Area School District, the host school on whose football field was played the game that gave rise to this lawsuit; and, (2) Craig Miladin, a member of the high school football team of the Midland Area School District.

At halftime in the Rochester-Midland High School football game of September 7, 1984, plaintiffs decided to leave their seats and walk to the refreshment stand. As plaintiff/wife neared the refreshment stand, she stopped to speak to a friend. While standing, talking, she heard some yelling and

suddenly she was hit in the shoulder by defendant, Craig Miladin, one of the Midland football players, as the Midland team exited its dressing room and ran toward the football field. They entered upon the field by way of a gate in the fence that surrounds the field and separates it from the spectators, band, refreshment stand, etc. The line of travel taken by the team was basically the one all visiting teams use in going from their dressing room to the field and vice versa.

At the conclusion of all pleadings and discovery, defendant football player, Craig Miladin, and Rochester Area School District filed the pending motions for summary judgment. The school district claims immunity from liability under what is commonly referred to as the Political Subdivision Tort Claims Act, (42 Pa.C.S. §8541, et seq.), and in particular, sections 8541 and 8542 thereof. Defendant football player claims that he is an employee of the local agency (i.e., Midland Area School District) under chapter 85, sub-chapter A, of the Pennsylvania Judicial Code (42 Pa.C.S. §8501) and thus, the same rules regarding when there is and when there is not immunity apply to him as apply to the Rochester Area School District.

As to defendant football player, Craig Miladin, this court agrees with his contention that he is an "employee" of Midland Area School District under 42 Pa.C.S. §8501. Said section of the Pennsylvania Judicial Code defines "employee" as follows:

"Employee. Any person who is acting or who has acted on behalf of a government unit whether on a permanent or temporary basis, whether compensated or not and whether within or without the territorial boundaries of the government unit, including any volunteer fireman and any elected or appointed officer, member of a governing body or other person

designated to act for the government unit. Independent contractors under contract to the government unit and their employees and agents and persons performing tasks over which the government unit has no legal right of control are not employees of the government unit."

Clearly, as a member of the high school varsity football team, Craig Miladin is entitled to immunity from liability in this instance unless one of the exceptions to governmental immunity as set forth in 42 Pa.C.S. §8542(a) (1) and (2) and (b) (3) apply.

This, in effect, is also the issue that must be decided with regard to plaintiffs' claims against defendant, Rochester Area School District. Do the facts of this case bring said school district within sub-section (b) (3) of 42 Pa.C.S., §8542?

Based on a review of the language contained in cases cited by counsel; the very limited way in which our appellate courts have allowed the "real property" exception of the Political Subdivision Tort Claims Act apply to a local agency and/or its employee; and, the fact that by order of November 14, 1986, this court sustained the demurrers filed by Midland Area School District and its football coach, Dale Stuby, in this very same lawsuit; we conclude that the motion for summary judgment now before us must be granted.

In the case of *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), the Pennsylvania Supreme Court stated:

"Lastly, we come to the most difficult question under consideration; namely, whether the real estate exception to the Political Subdivision Tort Claims Act exposes the city and center to liability co-extensive with the liability imposed on private land owners.

In construing 42 Pa.C.S. §8542(b)(3), it must be kept in mind that it represents an exception to the absolute rule of governmental immunity stated in 42 Pa.C.S. §8541. Since section (3) is an exception to the rule of immunity, we believe that its extent must be narrowly interpreted given the express legislative intent to insulate political subdivisions from tort liability.

Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. Acts of others, however, are specifically excluded in the general immunity section.

The real estate exception has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately.

"The real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by acts of others whose acts are outside the statute scope of liability."

In the case of *Johnson v. Southeastern Pennsylvania Transportation Authority*, 516 Pa. 312, 532 A.2d 409 (1987), the issue now before us was considered by the Pennsylvania Supreme Court in connection with a motion for judgment on the pleadings. In *Johnson,* the court stated:

"Because of the importance of defining the extent to which the real estate exception to the Political Subdivision Tort Claims Act could be invoked, we grant allocatur and upon review conclude that Commonwealth Court was in error in reversing the trial

court's entry of judgment on the pleadings — we now reverse.

"The gravamen of appellees' complaint is that the assault that Mrs. Johnson suffered in the subway was directly related to the care, custody or control of real estate in the possession of the city and liability can be imposed against the city pursuant to the real estate exception of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542 (b) (3). Appellees read the real estate exception to extend to injuries which occur on municipally controlled property and which stem from the inadequate control and supervision of persons who cause injuries to the public. We must disagree with appellees' interpretation of 42 Pa.C.S. §8542 (b) (3).

"The real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself caused the injury not merely when it facilitates the injury by the acts of others." *Mascaro v. Youth Study Center,* supra. A similar conclusion was reached in the case of *Chevalier v. City of Philadelphia,* 516 Pa. 316, 532 A.2d 411 (1987).

This court is satisfied that the real estate exception of the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542 (b) (3), does not apply to the facts of the case now before us; therefore, defendant school district's motion for summary judgment as well as the Midland High School football player's motion for summary judgment must be granted and consistent therewith, the following order is entered.

## ORDER

And now, this January 20, 1988, following a review of briefs submitted and after hearing oral argument by counsel for the respective parties, it is hereby ordered and decreed as follows:

(1)  For the reasons set forth in the attached opinion, the motion of Rochester Area School District for summary judgment is hereby granted.

(2)  For the reasons set forth in the attached opinion, the motion for summary judgment of Craig Miladin is hereby granted.