539 A.2d 946

Robert F. McCloskey, Jr., a minor by his parents and natural guardians, Robert F. McCloskey and Juliette McCloskey and Robert McCloskey and Juliette McCloskey, in their own right, Appellants *v.* Abington School District and Sportmaster and UCS, Inc., c/o United Canvas and Sling, Appellees.

Argued June 11, 1986, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, BARRY and COLINS.

: . *Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle,* with him, *James R. Melinson, James R. Melinson, P.C.,* for appellants.

*Joseph W. McGuire,* with him, *Catherine N. Jasons, Krusen, Evans and Byre,* for appellee, Abington School District.

*Harry A. Short, Jr.,* with him, *Henry M. Slinton, Liebert, Short, Fitzpatrick & Hirshland,* for . appellee, Sportmaster.

OPINION BY JUDGE BARRY, April 7, 1988:

In this trespass case filed in the Court of Common Pleas of Montgomery County, the trial judge granted a motion for summary judgment on behalf of the Abington School District. This Court reversed the trial court and remanded the case for further proceedings. *McCloskey v. Abington School District,* 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986). In this case, Robert McCloskey, Jr., then a tenth grade student aged sixteen and a half, was rendered a quadraplegic when he fell from a set of gymnastic rings during a regularly scheduled gym class at Abington High School—North Campus. Mr. McCloskey and his parents and natural guardians contended that the facts averred in their complaint were within the real property exception to governmental immunity, Section 8542(b)(3) of the Judicial Code.[1]

---

[1] Section 8542(b)(3) of the Judicial Code, provides in pertinent part:

(b) Acts which may impose liability.—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

We held that whether the gymnastic equipment owned by the school district was real estate involved a question of the intent of the parties which was a matter for a factfinder rather than a matter for summary judgment.

In an order of the Pennsylvania Supreme Court filed per curiam on February 1, 1988, the following disposition of an appeal to the Supreme Court in this case was made: "The petition for allowance of appeal is granted. The order of the Commonwealth Court is vacated and the case remanded to that court for reconsideration in light of our decision in *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). Mr. Justice LARSEN dissents." *McCloskey v. Abington School District*, 517 Pa. 347, 537 A.2d 329 (1988).

In accordance with the mandate of the Supreme Court, this Court has reconsidered its decision in light of *Mascaro*. Instructive is the following language from *Mascaro*:

> We agree that the real estate exception to governmental immunity is a narrow exception and, by its own terms, refers only to injuries arising out of the care, custody or control of the real property in the possession of the political subdivision or its employees. Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. Acts of *others*, however, are specifically excluded in the general immunity section

---

(3) Real Property.—The care, custody or control of real property in the possession of the local agency. . . .

(42 Pa. C. S. §8541), and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude that any harm that others cause may not be imputed to the local agency or its employees. This, of course, is a difference from the duties and liabilities of a private landowner who can be held accountable for the forseeable criminal conduct of others under Ford v. Jeffries.

The real estate exception, however, has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately. Davies v. Barnes, 94 Pa. Commonwealth Ct. 145, 503 A.2d 93 (1986); Messina v. Blairsville-Saltsburg School District, 94 Pa. Commonwealth Ct. 100, 503 A.2d 89 (1986); Johnson v. City of Philadelphia, 93 Pa. Commonwealth Ct. 87, 500 A.2d 520 (1985); Acker v. Spangler, 92 Pa. Commonwealth Ct. 616, 500 A.2d 206 (1985); Usker v. Upper St. Clair School District, 87 Pa. Commonwealth Ct. 461, 487 A.2d 1022 (1985); Robson v. Penn Hills School District, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981); Wimbish v. School District of Penn Hills, 59 Pa. Commonwealth Ct. 620, 430 A.2d 710 (1981).

We believe those cases to have been decided correctly and they persuade us to hold that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability.

We believe the Legislature has clearly precluded the imposition of liability on itself or its

local agencies for acts of third parties by its language of §8541, *supra,* and that it has not seen fit to waive immunity for these actors or their acts in any of the eight exceptions. (Emphasis in original.) (Footnote omitted.)

*Mascaro* at 362-63, 523 A.2d at 1123-24.

Because, in this case, the injury to Mr. McCloskey was the result of his own action, we are therefore constrained to vacate our prior order and affirm the summary judgment order entered by the trial court.

## ORDER

Now, April 7, 1988, the order of this Court entered September 29, 1986, is hereby vacated and the grant of summary judgment by the Court of Common Pleas of Montgomery County entered November 14, 1985, is hereby affirmed.

Judge CRAIG concurs in the result.
Judge COLINS dissents.