545 A.2d 981

Jay Gallagher, Appellant *v.* Commonwealth of Pennsylvania, Bureau of Correction et al., Appellees.

Argued April 20, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, McGINLEY and SMITH.

*Jeffrey W. Stover, Novak, Stover & McCarty,* for appellant.

*Gregory R. Neuhauser,* Senior Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE BARRY, August 12, 1988:

Jay Gallagher appeals from an order of the Court of Common Pleas of Centre County which granted a motion for summary judgment filed by the Commonwealth's Bureau of Correction and the State Correctional Institution at Rockview (SCIR) and dismissed appellant's complaint.

Appellant is incarcerated at the SCIR. At the time in question, he shared a cell with another inmate. The cell had bunk beds, appellant occupying the upper

bunk. Because *no ladder is in the cell*, appellant could reach the upper bunk only by using the cell bars to climb to the upper bunk. Appellant was using the cell bars to get out of his bunk when his cellmate closed the cell door, severing appellant's left ring finger.

Appellant filed a complaint alleging negligence on the part of the defendants. The defendants filed a motion for summary judgment, alleging immunity under 42 Pa. C. S. §8522(b). The trial court granted the motion and dismissed the complaint. This appeal followed.

Appellant makes three allegations of error. He first argues that this case falls within the real property exception contained in 42 Pa. C. S. §8522(b)(4). He also argues that the case falls within the personal property exception of 42 Pa. C. S. §8522(b)(3). Finally, he argues that the trial court erred in granting summary judgment because it was the cellmate who put the door in motion. We affirm.

We shall consider the first and third argument together. 42 Pa. C. S. §8522(b)(4) waives sovereign immunity for a claim of damages caused by "[a] dangerous condition of Commonwealth agency real estate . . . , including Commonwealth owned real property. . . ." A number of recent cases establish that this section is inapplicable to this case.

The exceptions to the rules of immunity must be strictly construed and narrowly interpreted. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987), *reversing*, 89 Pa. Commonwealth Ct. 388, 492 A.2d 786 (1985). In that case, the plaintiffs were severely injured by the criminal acts of a third party who had escaped from the defendant's detention facility. The plaintiffs alleged that the real property exception applied because defective locks at the detention facility had allowed the third party to escape. The trial court granted judgment on the pleadings in favor of the defendant; we reversed and remanded for trial. In reversing our decision, the

Supreme Court stated, "[T]he real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." 514 Pa. at 363, 523 A.2d at 1124 (emphasis in original). Since the alleged defect in the real property involved in *Mascaro,* the locks at the detention facility, did not cause the injury complained of, the Supreme Court reversed.

Appellant argues that this case is controlled by *Mistecka v. Commonwealth,* 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979), and not by *Mascaro.* In *Mistecka,* we held that the Commonwealth could be liable for injuries caused when unknown individuals threw rocks from an overpass onto cars travelling upon a Commonwealth owned highway. Because such rock throwing incidents had occurred in the past, we held that a jury could find that since there was no protection from rock throwers, this was a "dangerous condition" of the Commonwealth highway. However, because of *Mascaro* and cases that followed it, we have expressed real doubts about the validity of *Mistecka. Rippy v. Fogel,* 108 Pa. Commonwealth Ct. 296, 529 A.2d 608 (1987).

In *Johnson v. Southeastern Pennsylvania Transportation Authority,* 516 Pa. 312, 532 A.2d 409 (1987), the court held that the real property exception did not apply where the plaintiff was beaten inside a SEPTA facility which was a known haven for criminal activity. In *Chevalier v. City of Philadelphia,* 516 Pa. 316, 532 A.2d 411 (1987), the court held that the exception did not apply where the plaintiff was mugged in a municipal parking lot which was poorly lighted. The court stated:

> In Mascaro, we held that the Tort Claims Act . . . clearly precludes the imposition of liability on the Commonwealth or its local agencies for the acts of third parties, and the Legislature has

not seen fit to waive immunity for such actors or their acts in *any of the eight* exceptions.

Since [plaintiff's] injuries were caused by the criminal acts of a third party, the City is insulated from *all* liability for the harm caused by such a party.

516 Pa. at 319, 532 A.2d at 413 (emphasis in original). Because the rock throwing in *Mistecka* is akin to criminal conduct mentioned in *Mascaro* and its progeny, we doubt the case would be decided the same way today.

Appellant argues, however, that none of these cases are applicable because each of them involves an exception to local government immunity as set forth in 42 Pa. C. S. §8542 rather than sovereign immunity. While the Commonwealth can be liable for a dangerous condition of real estate, Section 8542(b)(3) waives immunity for local governmental units with regard to the "care, custody and control of real property. . . ." *Id.* In *Gratkie v. Air Wisconsin,* 107 Pa. Commonwealth Ct. 461, 528 A.2d 1032 (1987), we noted the differences between the two waivers of immunity and stated:

It seems to us that the concept of a dangerous condition of real estate may more easily be said to include the acts of third parties than can the concept of damage caused by the care, custody or control of the real property. The latter seems to focus more on the actual defects of the real estate itself, not any 'dangerous condition' which may be caused by third parties.

*Id.* at 468, 528 A.2d at 1035. However, in a decision which followed *Gratkie* involving Commonwealth defendants, we stated without equivocation in a case involving injuries caused by criminal conduct of a third party, "Although [*Mascaro, Chevalier* and *Johnson*] addressed the governmental immunity of local agencies, the reasoning of these decisions mandates the same conclusion with respect to the Commonwealth under [42

Pa. C. S. §8522]." *Moore v. Commonwealth,* 114 Pa. Commonwealth Ct. 56, 60, 538 A.2d 111, 113 (1988).

Appellant aptly notes that all of the aforementioned cases involve criminal conduct and no criminal conduct is involved in the present case. While that is true, we believe that *McCloskey v. Abington School District,* 115 Pa. Commonwealth Ct. 289, 539 A.2d 946 (1988), *on remand from,* 517 Pa. 347, 537 A.2d 329 (1988), *reversing,* 101 Pa. Commonwealth Ct. 110, 515 A.2d 642 (1986) is instructive. There, a student was injured when he fell from a set of gymnastic rings. The minor filed suit and the trial court granted the school district's motion for summary judgment on the basis of immunity. We reversed and remanded to the trial court for a determination of whether the rings were fixtures and therefore part of the real property. The Supreme Court vacated our order and remanded for reconsideration in light of *Mascaro.* Upon reconsideration following the Supreme Court's remand order, we quoted extensively from *Mascaro* and then stated, "Because . . . the injury to Mr. McCloskey was the result of his own action, we are therefore constrained to vacate our prior order and affirm the summary judgment order entered by the trial court." 115 Pa. Commonwealth Ct. at 293, 539 A.2d at 948. *McCloskey* thus shows that criminal actions of a third party are not necessary to bring *Mascaro* into play.

We must admit that appellant's argument has a certain appeal. In all of the aforecited cases, the injuries were not caused by any inherent defects in the real property but were only facilitated thereby. Appellant urges us to view the cell bars with the hinged door as the only means of access to the top bunk. Those cell bars are clearly fixtures and hence part of the real property. Appellant asks that we also view those bars as a defective "ladder". Since a defect in the "ladder", *i.e.,* the hinged door where individuals will put their hands

when using the bars as a ladder, actually severed appellant's fingers, appellant posits that his case is unique from any of the other cited cases. Nonetheless, considering the Supreme Court's mandate to strictly construe and narrowly interpret the waivers of immunity, we are constrained to conclude that this case does not fall within the real property exception.

As to appellant's argument that the Commonwealth is not entitled to summary judgment because the cell mate put the door into motion, we again must disagree. All of the cases cited above stand for the proposition that actions of third parties have no bearing on the liability of the governmental defendants. The question of the governmental defendants' immunity is decided solely on whether any waivers of immunity are applicable. As we have decided that the real property exception is not applicable here, appellant's argument is meritless.

Appellant's final argument concerning the personal property exception of Section 8522(b)(3) must finally be answered. That Section waives immunity for damages caused by "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth personal property." Appellant argues that he was in the custody and control of the Commonwealth by virtue of his status as a prisoner, thereby making himself the personal property of the Commonwealth. This argument makes no sense to us and we reject it out of hand.

### ORDER

Now, August 12, 1988, the order of the Court of Common Pleas of Centre County at Civil Action No. 85-100, dated May 26, 1987, is affirmed.

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. The majority concedes, and I would certainly agree, that the cell door is real property. Therefore, the question we must decide is whether the door constituted a dangerous condition within the intendment of Section 8522(b)(4) of the Judicial Code, 42 Pa. C. S. §8522(b)(4). While the door, in and of itself, may not have been defective, its placement next to the bunk in light of the custom to utilize the door to gain access to the top bunk and in light of the total absence of any other means of access to that bunk indicates to me a design defect in the real property which a jury could reasonably view as a dangerous condition.

While *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), and its progeny construed the real property exception narrowly, they did not eradicate the principle entirely. Moreover, those cases involved intervening *criminal* action by a third party which could logically be viewed as the proximate cause of the injury. Here, in contrast, the cell door was being used for the very purpose for which it was intended and the action of Mr. Gallagher's cell mate in closing the door was certainly not criminal. Thus, on the peculiar facts before us, I believe that Mr. Gallagher has pled sufficient facts to resist dismissal of his case by way of a motion for summary judgment. Accordingly, I would reverse the trial court's order and direct that the case continue.

Judge McGINLEY joins.