## Shaffer v. Feidler

*George A. Heitczman,* for plaintiff.

*Joel H. Ziev,* for defendant Northampton Area School District.

MORAN, *J.* September 9, 1988—This matter comes before the court on the motion for summary judgment filed by defendant Northampton Area School District.

The pleadings allege the following facts. On December 2, 1983, plaintiff, Suzan Shaffer, was a student at Northampton Area Junior High School. Suzan Shaffer arrived at school between 7:15 a.m. and 7:25 a.m. and was dropped off at the school entrance by a school bus. Plaintiff, knowingly violating a school policy, left the school entrance area and began walking toward a parking lot behind the school to meet some friends. Her walk took her along a grassy area adjacent to a private internal roadway owned by defendant school district at the rear of the junior high school building. At the same time, Ryan Feidler, a student at the senior high school, was operating his vehicle on the roadway while smoking a cigarette. Defendant, Ryan Feidler, attempted to throw the cigarette out of his window but instead it dropped onto his lap. Ryan Feidler lost control of his automobile while trying to remove the burning cigarette from his lap. He proceeded to drive over the curb and struck plaintiff, Suzan Shaffer.

Discovery has been completed and the pleadings are closed. The depositions of the following witnesses: Ryan L. Feidler, Lucille E. Feidler, Susan M. Shaffer, Carol S. Shaffer, Russell R. Shaffer III, Howard George Jr. and Dr. Edward A. Tremba, have been filed. Howard George Jr. is a patrolman for the police department of the Borough of Northampton. Dr. Edward A. Tremba is the Assis-

tant Superintendent for Management Services of the school district.

Defendant, school district, has filed the present motion for summary judgment claiming that the action against the school district is barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. 42 Pa.C.S. §8541 states:

"Except as otherwise provided in this subchapter, no legal agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

The standards for passing upon a motion for summary judgment are clear. Summary judgment should only be granted if the pleadings, depositions, answers to interrogatories and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Community Medical Services of Clearfield Inc. v. Local 2665, AFSCME, AFL-CIO,* 292 Pa. 238, 437 A.2d 23 (1981). The moving party has the burden of proving that no material issue of fact exists, and the court must accept as true all well-pleaded facts in the non-moving party's pleadings. *LeGrand v. Lincoln Lines Inc.,* 253 Pa. 19, 384 A.2d 955 (1978); *Nash v. Chemetron Corp.,* 246 Pa. 595, 371 A.2d 992 (1977). A non-moving party may not, however, rest upon mere allegations or denials in the pleadings to establish that there is a genuine issue of fact; rather, he must set forth such issues of fact by affidavit or as otherwise provided in Pa.R.C.P. 1035. *Amabile v. Auto-Kleen Car Wash,* 249 Pa. 240, 376 A.2d 247 (1977). Summary judgment should be granted only in a clear case. *Just v. Sons of Italy Hall,* 240 Pa. 416, 368 A.2d 308 (1976).

Defendant school district is a political subdivision of the Commonwealth of Pennsylvania. Any tort claims against it are therefore governed by the Political Subdivision Tort Claims Act. The act provides a general grant of immunity to local governmental units, subject to several limited and specifically enumerated exceptions. Section 8542(b) of the act lists the areas in which acts of a political subdivision may lead to the imposition of liability. Plaintiffs rely upon two of the exceptions to remove their causes of action against the school district from the general grant of immunity. Plaintiffs seek to fit their causes of action within the exceptions set forth at 42 Pa.C.S. §8542(b)(3) (the "real property" exception) and 42 Pa.C.S. §8542(b)(6) (the "streets" exception).

The real-property exception to the general grant of immunity, found at 42 Pa.C.S. 8542(b)(3), is set forth in the following terms:

"(b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) *Real Property* — The care, custody or control of real property in the possession of the local agency . . . As used in this paragraph, 'real property' shall not include: . . .

"(iii) streets . . ."

The streets exception to the general grant of immunity, found at 42 Pa.C.S. §8542(b)(6) is set forth as follows:

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with

notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

In reviewing both 42 Pa.C.S. §8542(b)(3) and 42 Pa.C.S. §8542(b)(6), it must be stressed that both are *exceptions* to the general grant of governmental immunity stated in 42 Pa.C.S. §8541. As exceptions to the rule, their "[e]xtent must be narrowly interpreted given the expressed legislative intent to insulate political subdivisions from tort liability." *Mascaro v. Youth Study Center,* 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1978).

In *Mascaro, supra,* the Pennsylvania Supreme Court held that the real estate exception may only be applied in "cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Mascaro* at 363, 523 A.2d at 1124. (emphasis supplied)

The Pennsylvania Supreme Court's analysis in *Mascaro,* while it specifically addresses the real-property exception, is applicable to the remaining exceptions to the general grant of immunity found in 42 Pa.C.S. §8542.

"We believe the Legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of *third parties* by its language of section 8541, *supra,* and that it has not seen fit to waive immunity for these actors or their acts *in any of the eight exceptions." Id.* at 362, 523 A.2d at 1124. (emphasis supplied)

In *Chevalier v. City of Philadelphia,* 516 Pa. 316, 532 A.2d 411 (1987), the Pennsylvania Supreme Court reaffirmed its holding in *Mascaro.* The *Chevalier* decision involved the trees, traffic control and

street lighting exception. The court, in *Chevalier*, reaffirms the applicability of *Mascaro* to all eight exceptions found at 42 Pa.C.S. §8542(b). The court, in *Chevalier*, stated:

"In *Mascaro*, we held that the Tort Claims Act, specifically 42 Pa.C.S. §8541, clearly precludes the imposition of liability on the commonwealth or its local agencies for acts of third parties, and the legislature has not seen fit to waive immunity for such actors or their acts *in any of the eight* exceptions." Chevalier at 319, 532 A.2d at 413. (emphasis in original)

While this court has not found a case which applies *Mascaro* to the "streets" exception; it is clear that the rule set forth by the Pennsylvania Supreme Court is applicable to that exception. We are therefore compelled to grant summary judgment to the school district. The injuries to Suzan Shaffer were caused by the act of a third party, not the school district.

Wherefore, we enter the following

## ORDER OF COURT

And now September 9, 1988, the motion for summary judgment of defendant, Northampton Area School District, is sustained. Judgment is entered in favor of defendant, Northampton Area School District, and against plaintiffs.