# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Fox, : 
                Appellant : 
                 : 
           v. : No. 759 C.D. 2017
                 : Submitted: February 9, 2018
State Correctional Institution : 
(SCI) Greene and Warden of : 
State Correctional Institution : 
(SCI) Greene, Lewis Folino : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON             FILED:  August 22, 2018

Gerald Fox (Fox) appeals from an order of the Court of Common Pleas of Greene County (trial court), which granted a motion for summary judgment in favor of the State Correctional Institution at Greene (SCI-Greene) and its Warden, Lewis Folino (Folino)[1] (collectively, Defendants), and dismissed Fox's complaint with prejudice. In so doing, the trial court concluded that sovereign immunity shielded Defendants from liability for Fox's negligence complaint stemming from a physical altercation Fox had with another inmate. For the reasons discussed below, we now affirm.

---

[1] We note that the parties' briefs indicate two different spellings of Folino's name. Fox refers to him as "Lewis," whereas Defendants refer to him as "Louis."

On June 20, 2013, Fox filed with the trial court a complaint alleging negligence by the Defendants. (Reproduced Record (R.R.) at 10a-17a.) Fox averred that on March 1, 2010, his cellmate attacked him. (*Id.* at 11a.) Fox sustained injuries from this attack when his cellmate bit off a portion of his right ear. (*Id.*) Fox averred that, prior to this attack, he requested a transfer to a different cell due to ongoing problems with his cellmate, but Defendants refused his request. (*Id.*) Fox alleged that his injuries resulted from Defendants' negligence in failing to act to keep Fox safe from harm. (*Id.* at 12a.)

In response to Fox's complaint, Defendants filed preliminary objections, raising the affirmative defense of sovereign immunity under Section 8522 of the Judicial Code, 42 Pa. C.S. § 8522. (*Id.* at 29a-32a.) The trial court subsequently ordered briefing on the matter. (*Id.* at 35a.) By order dated May 13, 2014, the trial court denied Defendants' preliminary objections. (*Id.* at 48a.) Defendants filed an answer and new matter, denying the material allegations of Fox's complaint and asserting that they are immune from suit. (*Id.* at 49a-55a.) Fox answered Defendants' new matter, denying the allegations and averring that no response was required because Defendants' assertion of sovereign immunity was a legal conclusion. (*Id.* at 58a.)

On September 29, 2015, Defendants filed a motion for summary judgment and a brief in support. (*Id.* at 67a-94a.) Defendants again argued that sovereign immunity shielded them from liability. (*Id.*) On October 9, 2015, prior to Fox filing a response and prior to scheduled oral argument on the summary judgment motion, the trial court granted Defendants' motion and dismissed Fox's complaint with prejudice. (*Id.* at 95a.) Fox appealed, and this Court vacated and remanded the matter back to the trial court. *See Fox v. State Corr. Inst. (SCI) Greene*

(Pa. Cmwlth., No. 561 C.D. 2016, filed Feb. 3, 2017). In so doing, we concluded that Pa. R.C.P. No. 1035.3 required the trial court to allow Fox to respond to Defendants' motion for summary judgment. Further, we also remanded due to the trial court's failure to draft an opinion supporting its May 19, 2015 order, as required by Pa. R.A.P. 1925(a)(1).

Thereafter, the trial court directed Fox to submit a response to Defendants' motion for summary judgment. (*Id.* at 127a-28a.) After consideration of the parties' arguments, the trial court again granted Defendants' motion for summary judgment and dismissed Fox's complaint with prejudice. (*Id.* at 213a.) In so doing, the trial court concluded that sovereign immunity bars Fox's claim. (*Id.* at 234a.) Fox again appealed to this Court.

On appeal,[2] Fox argues that the trial court erred in granting Defendants' motion for summary judgment. Specifically, Fox argues that an exception to sovereign immunity is applicable to his negligence action, and the trial court erred in concluding otherwise. Further, Fox claims that the trial court erred in granting

---

[2] This Court's review of a trial court's order granting a motion for summary judgment is limited to considering whether the trial court erred as a matter of law or abused its discretion. *Lambert v. Katz*, 8 A.3d 409, 413 n.3 (Pa. Cmwlth. 2010). A court may grant a motion for summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bronson v. Horn*, 830 A.2d 1092, 1094 (Pa. Cmwlth. 2003), *aff'd*, 848 A.2d 917 (Pa. 2004), *cert. denied*, 543 U.S. 944 (2004). The right to judgment must be clear and free from doubt. *Id.* In reviewing the granting of a motion for summary judgment, this Court must "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Pappas v. Asbel*, 768 A.2d 1089, 1095 (Pa. 2001), *cert. denied*, 536 U.S. 938 (2002).

3

Defendants' motion for summary judgment because there exists a genuine dispute of material fact relating to whether Defendants' conduct constituted negligence.[3]

Fox's argument that there exists a genuine dispute of material fact is without merit. Fox argues that the Defendants' alleged negligence is a fact question for a jury to decide. (Fox's Br. at 15.) The matter currently before the Court, however, is whether the trial court properly granted summary judgment on the ground of sovereign immunity. To this point, Fox has not alleged any genuine dispute of a material fact as to the defense of sovereign immunity—*e.g.*, that Defendants acted outside the scope of their employment. After a conscientious review of the record, the Court perceives no dispute as to the material facts of Defendants' sovereign immunity defense.

As to Fox's claim that the trial court erred in concluding that Defendants are entitled to sovereign immunity, "[g]enerally, sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability." *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013), *appeal denied*, 91 A.3d 163 (Pa. 2014). The General Assembly, however, has waived sovereign immunity in certain limited situations involving negligence of a

---

[3] We note that, in his brief, Fox also argues that the trial court erred by granting Defendants' motion for summary judgment because the trial court had previously denied Defendants' preliminary objections that raised the same argument. Fox, however, fails to develop this argument in his brief, and we, therefore, conclude that this issue has been waived. *See City of Phila. v. Berman*, 863 A.2d 156, 161 n.11 (Pa. Cmwlth. 2004). Further, even if Fox did not waive this argument, we note that it is without merit. "Where the motions differ in kind, as preliminary objections differ from motions for judgment on the pleadings, which differ from motions for summary judgment, a judge ruling on a later motion is not precluded from granting relief although another judge has denied an earlier motion." *Garzella v. Borough of Dunmore*, 62 A.3d 486, 497 (Pa. Cmwlth.), *appeal denied*, 72 A.3d 605 (Pa. 2013).

Commonwealth official or employee. 42 Pa. C.S. § 8522. In *La Frankie v. Miklich*, 618 A.2d 1145 (Pa. Cmwlth. 1992) (*en banc*), this Court observed:

> [T]he proper test to determine if a Commonwealth employee is protected from liability pursuant to . . . 42 Pa. C.S. § 8522 is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the nine exceptions to sovereign immunity.

*La Frankie*, 618 A.2d at 1149. Because of the clear intent to insulate the government from liability, the exceptions to sovereign immunity are to be strictly construed. *Dean v. Cmwlth.*, 751 A.2d 1130, 1132 (Pa. 2000). Here, Fox argues that his negligence claim fits within two separate exceptions to sovereign immunity. Specifically, Fox argues that his action falls into the "personal property" and "potholes and other dangerous conditions" exceptions, 42 Pa. C.S. §§ 8522(b)(3) and (5), respectively.

The personal property exception to sovereign immunity provides that the defense of sovereign immunity shall not be raised to claims for damages caused by:

> The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

42 Pa. C.S. § 8522(b)(3). Fox argues that his status as an inmate at SCI-Greene causes him to be "in the possession" of the Commonwealth, and that, by extension, his ear is his personal property, which was damaged while in the possession of the

Defendants. (Fox's br. at 13.) Although Fox cites to no authority in support of this proposition, this Court has previously ruled on similar claims.

In *Gallagher v. Bureau of Correction*, 545 A.2d 981 (Pa. Cmwlth. 1988), *appeal denied*, 554 A.2d 511 (Pa. 1989), an inmate used a cell door as a ladder to climb into the top bunk of the cell. His cellmate closed the door on the inmate's finger, severing it. The inmate filed a negligence action, and a trial court granted summary judgment to the Commonwealth defendants on the basis of sovereign immunity. On appeal to this Court, the inmate argued that he "was in the custody and control of the Commonwealth by virtue of his status as a prisoner, thereby making himself the personal property of the Commonwealth." *Gallagher*, 545 A.2d at 984. We rejected this assertion, opining that the argument "makes no sense." *Id.*

We affirmed this notion in *Abrams v. Juvenile Justice Department*, (Pa. Cmwlth., No. 2167 C.D. 2014, filed Sept. 3, 2015), *appeal denied*, 130 A.3d 1292 (Pa. 2016).[4] In *Abrams*, a mother filed a negligence action against a juvenile court for perceived wrongdoings toward her son that led to his inability to receive a high school diploma. A trial court granted preliminary objections on the basis of sovereign immunity, and this Court affirmed. On appeal, the plaintiff argued that the personal property exception to sovereign immunity applied, as her son was her personal property under the care of the Commonwealth. In rejecting this argument, we opined:

> Son is a person, not personal property, which is defined as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property." In

---

[4] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision issued by this Court after January 15, 2008, may be cited "for its persuasive value, but not as binding precedent."

6

[*Gallagher*], an inmate at a state correctional institute argued "that he was in the custody and control of the Commonwealth by virtue of his status as a prisoner, thereby making himself the personal property of the Commonwealth." We rejected the inmate's argument in *Gallagher*, and we similarly reject [the plaintiff's] assertion in the present matter.

*Abrams*, slip op. at 4 (internal citation omitted).

While our holding in *Abrams* is not binding, the underlying rationale is sound and, thus, persuasive in the instant matter. We must strictly construe the exceptions to sovereign immunity. *Dean*, 751 A.2d at 1132. Fox's preferred reading of the exception, however, requires this Court to deviate from a strict construction. While we are sensitive to Fox's claim, we are nonetheless bound to narrowly construe the exceptions to sovereign immunity. Such a construction leads us to conclude that an ear does not qualify as "personal property" for the purposes of 42 Pa. C.S. § 8522(b)(3).

Next, Fox argues that his negligence action fits into the "potholes and other dangerous conditions" exception to sovereign immunity. While Fox clearly does not allege that a pothole played any part in his injuries, he maintains that Defendants knew Fox was having problems with his cellmate, yet did nothing about it. Fox argues that this friction between himself and his cellmate created a dangerous condition, and the Defendants failed to remedy this situation.

The potholes and other dangerous conditions exception provides that the defense of sovereign immunity shall not be raised to claims for damages caused by:

> *A dangerous condition of highways under the jurisdiction of a Commonwealth agency created by potholes or sinkholes or other similar conditions created by natural elements*, except that the claimant to recover must establish that the dangerous condition created a reasonably

7

> foreseeable risk of the kind of injury which was incurred and that the Commonwealth agency had actual written notice of the dangerous condition of the highway a sufficient time prior to the event to have taken measures to protect against the dangerous condition. Property damages shall not be recoverable under this paragraph.

42 Pa. C.S. § 8522(b)(5) (emphasis added). Here, again, Fox cites to no authority to support his assertion that this exception applies to the instant case. Pointedly, Fox's attempt to apply this exception contradicts its plain text, which provides that the dangerous condition must be "created by natural elements." *Id.* Further, we are not aware of any case in this Commonwealth that would conceivably support Fox's assertion. Fox's claim clearly stems from a condition which, if true, could be dangerous. Such a dangerous condition, however, is beyond the scope of what the exception provides. Fox's attempt to invoke this exception, therefore, is meritless. We thus conclude that the trial court did not err in dismissing Fox's claim, as there is no applicable exception to sovereign immunity under which Fox may pursue his cause of action.

Accordingly, the order of the trial court is affirmed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Fox,                                              :
                            Appellant                    :
                                                         :
                    v.                                   :     No. 759 C.D. 2017
                                                         :
State Correctional Institution                           :
(SCI) Greene and Warden of                               :
State Correctional Institution                           :
(SCI) Greene, Lewis Folino                               :

## **O R D E R**

AND NOW, this 22nd day of August, 2018, the order of the Court of Common Pleas of Greene County is AFFIRMED.

_____

P. KEVIN BROBSON, Judge