610 A.2d 535

**Aleaya DOWNING, a Minor By and Through Her Parents and Natural Guardians, Milton and Denise DOWNING and Milton and Denise Downing, in Their Own Right, Appellants,**

v.

**PHILADELPHIA HOUSING AUTHORITY and Philadelphia Gas Works, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided May 28, 1992.

Milton N. Ghen, for appellants.

James F. Ryan, for appellees.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

SMITH, Judge.

Aleaya Downing, a minor, by and through her parents and natural guardians, Milton and Denise Downing, and Milton and Denise Downing in their own right (Downings) appeal from the order of the Court of Common Pleas of Philadelphia County which granted motions for summary judgment filed by the Philadelphia Housing Authority (PHA) and Philadelphia Gas Works (PGW). At issue is whether the Downings' causes of action fall within the real property exceptions to sovereign and governmental immunity provided for in the Judicial Code at 42 Pa.C.S. §§ 8522(b)(4), 8542(b)(3), respectively.[1]

The Downings filed their complaint against PHA alleging, inter alia, that PHA was negligent in failing to properly maintain and repair the heating system in the Downings' apartment. In its answer, PHA denied the allegations and raised in new matter that it was immune from suit pursuant to 42 Pa.C.S. § 8541. PHA thereafter joined PGW as an additional defendant and alleged in its complaint that PGW was negligent in maintaining the heating system at the apartment.

1. While PGW is a local agency for the purposes of governmental immunity, PHA, a local housing authority, is considered a Commonwealth agency for the purposes of sovereign immunity. *Crosby v. Kotch*, 135 Pa. Commonwealth Ct. 470, 580 A.2d 1191 (1990).

The Downings leased an apartment from PHA commencing June 1, 1984. On January 22, 1986, the heating system in the apartment malfunctioned. Denise Downing thereafter contacted PHA to inform it of the heater problem and also contacted PGW, which sent a service person to the apartment. The PGW service person determined that the problem was due to a short circuit in the apartment's electrical system, a problem which PGW could not fix, and that the Downings would have to contact PHA to authorize the necessary repairs. Because the heater had not yet been repaired as of February 12, 1986, the Downings turned on their gas oven and opened its door in an attempt to heat the apartment. Boiling water in a pot on top of the stove spilled down over Aleaya Downing, two years old at the time, after she sat upon the open oven door, causing the stove to tilt. The child suffered second and third degree burns to her back, arms, and legs.

On July 10, 1991, the trial court granted defendants' motions for summary judgment, holding that the Downings' claims did not fall within the purview of the real property exception to either sovereign or governmental immunity.[2] The trial court stated that although it must assume negligence

2. 42 Pa.C.S. § 8522(b) provides in relevant part:
(b) **Acts which may impose liability.**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
. . . .
(4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).
42 Pa.C.S. § 8542(b) provides in relevant part:
(b) **Acts which may impose liability.**—The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
. . . .
(3) *Real Property.*—The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

on the part of the defendants for purposes of their motions, this negligence was not the direct cause of the child's injuries: rather, the injuries were due to subsequent intervening events, namely, use of the stove to heat the apartment; opening the stove so that the child could sit on it; having boiling water on top of the stove; allowing the child to be in close proximity to the boiling water; and the falling of boiling water upon the child. Further, the trial court observed that:

> Under basic tort causation principles, [the Downings] could prevail. It could readily be argued that the subsequent events of this case reasonably could have been forseen [sic] as arising from lack of heat in the apartment. However, ordinary tort causation principles are inappropriate in analyzing whether sovereign immunity exists here.

Trial Court Opinion, p. 5. The trial court concluded that the injuries arose from subsequent events which were not concurrent to the original negligent act of failing to supply heat, which negligent act merely facilitated the child's injuries. The Downings then appealed to this Court.[3]

 In reviewing the instant appeal, this Court is guided by the principle that exceptions to the rules of sovereign and governmental immunity must be narrowly interpreted given the expressed legislative intent to insulate the Commonwealth and its political subdivisions from tort liability. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987); *Southeastern Pennsylvania Transportation Auth. v. Hussey*, 138 Pa. Commonwealth Ct. 436, 588 A.2d 110 (1991).[4] The

3. When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Wilson v. Ridgway Area School Dist.*, 141 Pa. Commonwealth Ct. 607, 596 A.2d 1161 (1991). Summary judgment is only appropriate when, after examining the record in favor of the non-moving party, there is no genuine issue of material fact and the movant clearly establishes its entitlement to judgment as a matter of law. *Id.* In considering a motion for summary judgment, all well-pleaded facts in the non-moving party's pleadings must be accepted as true. *Harding v. Galyias*, 117 Pa. Commonwealth Ct. 371, 544 A.2d 1060 (1988), *appeal denied*, 521 Pa. 625, 557 A.2d 727 (1989).

4. Initially, the Downings had to satisfy the following two statutory requirements to maintain their cause of action against PGW and/or

courts of this Commonwealth have recognized similarities between governmental and sovereign immunity provisions, and have relied upon cases in one area when confronted with a similar problem in the other. *Buschman v. Druck,* 139 Pa. Commonwealth Ct. 182, 590 A.2d 53 (1991).

█ The real property exception "can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability." *Mascaro,* 514 Pa. at 363, 523 A.2d at 1124 (emphasis in original). Any harm caused by the acts of others may not be imputed to the local agency or its employees: "This, of course, is a difference from the duties and liabilities of a private landowner who can be held accountable for the forseeable [sic] criminal conduct of others...." *Id.,* 514 Pa. at 362, 523 A.2d at 1124. In *Mascaro,* injuries inflicted on a family by a detainee who escaped from a juvenile detention center, which escape was allegedly due to negligent maintenance by the local agency, were not within the scope of the real property exception even though the injuries were caused, in the "but for" sense, by the local agency's negligence. *Mascaro* is directly applicable to the facts sub judice. Even though the child's injuries were caused, in the "but for" sense, by the negligently-maintained heating system, those injuries were not a direct result of a defect in the real property. Instead, as noted by the trial court, her injuries were due to the subsequent intervening actions of the Downings themselves.[5]

PHA: (1) the damages would be recoverable under common law or a statute creating a cause of action (42 Pa.C.S. § 8521(a), § 8542(a)(1)); and (2) the injury was caused by the negligent actions of the agency or an employee acting within the scope of his or her office or duties, excluding acts of crime, fraud, malice, or willful misconduct (42 Pa.C.S. § 8542(a)(2)). *Mascaro; Burton v. Terry,* 140 Pa. Commonwealth Ct. 336, 592 A.2d 1380 (1991). However, there is no contention here that these conditions have not been satisfied and the parties have limited their arguments to the applicability of the real property exception.

5. Although *Mascaro* dealt specifically with intervening criminal acts, subsequent cases have held that criminal acts of a third party are not necessary to bring *Mascaro* into play. *Snyder v. Harmon,* 522 Pa. 424,

The Downings contend that they are not attempting to impute the negligence of third parties to PHA and PGW, but are trying to hold PHA and PGW directly liable for their own negligence. Furthermore, they attempt to distinguish *Mascaro* by noting that the roles of PHA and PGW in not providing heat are much more involved in the cause of the child's injuries than the poorly-maintained juvenile detention center in *Mascaro* which simply facilitated the detainee's escape. The Downings' argument fails in at least two respects. First, their contentions rely on the general common-law tort principles of foreseeability and intervening cause. This reliance disregards the holding in *Mascaro* regarding the distinctions between the liability of local agencies and the accountability of a private landowner for acts by third parties. As the trial court correctly noted, ordinary tort causation principles are inappropriate in analyzing whether the real property exception applies.[6]

Second, the holding in *Mascaro* that acts of third parties are intervening causes which absolve the original actors from liability for the harm caused has been extended to those cases wherein the plaintiffs' own actions constituted the intervening cause. In *McCloskey v. Abington School Dist.*, 115 Pa. Commonwealth Ct. 289, 539 A.2d 946 (1988), a high school student who fell from a set of gymnastic rings during gym class and was rendered a quadriplegic alleged that defects in the real property caused his injury. This Court held that the student's claim did not fall within the real property exception because the injury was the result of the student's own action.

In *Harding v. Galyias*, 117 Pa. Commonwealth Ct. 371, 544 A.2d 1060 (1988), *appeal denied*, 521 Pa. 625, 557 A.2d 727 (1989), consolidated wrongful death and survivor actions were

562 A.2d 307 (1989); *Gallagher v. Bureau of Correction*, 118 Pa. Commonwealth Ct. 516, 545 A.2d 981 (1988), *appeal denied*, 520 Pa. 620, 554 A.2d 511 (1989).

**6.** The Supreme Court in *Mascaro* restricted its discussion of the tort principles of foreseeability and "but for" causation to an analysis of the two initial statutory requirements imposed by 42 Pa.C.S. § 8542(a)(1), (2), and did not apply such principles to its analysis of the applicability of the real property exception.

brought as a result of the suicides of two arrestees. The plaintiffs alleged, inter alia, negligence in maintaining the jail facilities and in disregarding an increased incidence of jail suicides. This Court held that the real property exception was inapplicable because the act which resulted in death was suicide by hanging. "Each act was committed by [the arrestees] themselves. The condition of the jail facilities may have made it easier for the hanging to be accomplished, but the condition of the jail facilities themselves did not cause the death of either [of the arrestees]." *Id.*, 117 Pa. Commonwealth Ct. at 380, 544 A.2d at 1065.

Similarly, the acts which resulted in the child's injuries were the turning on of the oven, the opening of the door, the placing of pots of boiling water on the stove, and the child sitting on the door. Each act was committed by the Downings. Thus, the condition of the heater merely facilitated the child's injuries and did not "cause" the child's injuries, as that term is used in applying the real property exception.[7] In *Gardner v. Consolidated Rail Corp.*, 524 Pa. 445, 573 A.2d 1016 (1990), the Supreme Court held that a municipality could not be held liable for injuries of two boys who climbed through holes in fences owned by the municipality and who were subsequently injured by trains on the adjacent property. The rationale for the Court's decision was that the defective fences did not proximately cause the boys' injuries: the children were not injured by the fences, but merely passed through them. The Court further noted that "[h]ad the children been injured *by the fences* in these cases, our view might well be different, but

7. The Downings rely upon *City of Philadelphia v. Duda*, 141 Pa. Commonwealth Ct. 88, 595 A.2d 206 (1991), in support of their argument that the real property exception applies. In *Duda*, a minor plaintiff's parents brought an action against the city because of injuries suffered by the minor when she dove into the shallow end of a public swimming pool. The parents alleged that the city had painted over the depth markers along the side and the racing stripes on the bottom of the pool, which negligent act directly caused the minor's injuries. This Court agreed, and held that the real property exception applied because there was a direct nexus between the defect of the land itself and the minor's injuries, with no accompanying intervening act that could cut off the city's liability. *Duda* is inapposite to this Court's conclusion herein because the heater did not directly cause the child's injuries.

where the injury ... is produced by voluntary exposure to an obvious hazard over which the [municipality] had no control, ... the holes in the fence are not the proximate cause of the injuries." *Id.*, 524 Pa. at 455, 573 A.2d at 1021 (emphasis in original). Thus, applying the rationale in *Gardner*, the defective heater was not the proximate cause of the child's injuries.

Since *Mascaro* and the subsequent lines of cases interpreting it are clear that the injury must result from a defect in the real property itself, that the defect must be the direct cause of the injury, and that intervening acts serve to render the real property exception inapplicable, the trial court correctly held that the Downings' claim does not fall within the purview of the real property exception.[8]

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 28th day of May, 1992, the order of the Court of Common Pleas of Philadelphia County is affirmed.

---

**8.** This Court recognizes that circumstances such as those presented here may leave victims without legal redress against an alleged tortfeasor. However, the Pennsylvania Supreme Court has noted that this is an unavoidable legislative prerogative: "The legislature, for reasons of policy, reasons we are not entitled to dilute for sympathy or even outrage at specific instances of blatant tort, has decided that such an immunity does exist, and we must abide, sometimes leaving dreadful injuries, negligently inflicted, uncompensated." *Love v. City of Philadelphia*, 518 Pa. 370, 376, 543 A.2d 531, 533 (1988).