629 A.2d 283

Donald R. BYARD, Jr., a minor, by his parent and natural guardian, Brenda BYARD, and Brenda Byard, in her own right, Appellants,

v.

PHILADELPHIA HOUSING AUTHORITY.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided July 22, 1993.

Petition for Allowance of Appeal Denied Nov. 29, 1993.

Lee Albert, for appellants.

James F. Ryan, for appellee.

Before DOYLE and KELLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Donald R. Byard (Byard), a minor, by his parent and natural guardian, Brenda Byard, and Brenda Byard, in her own right (collectively Appellants), appeal from an order of the Court of Common Pleas of Philadelphia which granted the Motion for Summary Judgment of the Philadelphia Housing Authority (PHA).

Appellants are tenants in premises owned by PHA located at 1241 Catherine Street, Philadelphia. On December 16, 1985, Byard was injured when an unidentified companion slammed a fire door on Byard's left hand as he and his companions were running to escape from a dog roaming the ninth floor hallway of their Catherine St. residence. The injury resulted in the amputation of the tip of Byard's left index finger.

On May 7, 1986, Appellants filed a complaint against PHA alleging, *inter alia*, that the fire door was defective and in violation of the provisions of the Philadelphia Building Code (Code Section 4–1508–2–5) for lack of a proper closure device and for having a jagged metal edge along the fire door which had torn off part of Byard's finger. In its answer and new matter, PHA, argued it was a "local agency" and raised the defense of governmental immunity, 42 Pa.C.S. § 8541. PHA argued in the alternative that it was a Commonwealth agency and entitled to the defense of sovereign immunity, 42 Pa.C.S. § 8521.

On August 21, 1991, PHA filed a Motion for Summary Judgment seeking to dismiss the case on the grounds that PHA was immune from suit and that Appellants' claims did not fit within any of the exceptions to immunity. PHA argued that Byard's injury was caused by a third party, not by a

defect of its real property. On February 6, 1992, the trial court granted PHA's motion on the basis that PHA was a local agency and thus was shielded from liability by governmental immunity and the cause of action was not within any exception to that doctrine. The Appellants then appealed to the Superior Court. On April 27, 1992, the Superior Court granted Appellants' petition to transfer the appeal to our Court.

▮ We begin by noting that PHA has been held to be a Commonwealth agency, not a local agency, and thus entitled to the defense of sovereign immunity, not governmental immunity. *Downing v. Philadelphia Housing Authority,* 148 Pa.Commonwealth Ct. 225, 610 A.2d 535 (1992). The sovereign immunity provisions of the Judicial Code, 42 Pa.C.S. §§ 8521–8528, provide that the Commonwealth is immune from suit unless the claim falls within one of eight exceptions set out at 42 Pa.C.S. § 8522. The real estate exception is the only one possibly applicable, and it provides:

> The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> . . . .
>
> (4) **Commonwealth real estate, highways and sidewalks.**—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5).

42 Pa.C.S. § 8522(b)(4).

▮ The issue for our review is whether this exception applies where a third party injures a plaintiff by closing a defective door on his finger. This issue is a pure question of law. When reviewing an order granting summary judgment, this Court's scope of review is limited to a determination of whether the trial court committed an error of law or an abuse

of discretion. *Wilson v. Ridgway Area School District,* 141 Pa.Commonwealth Ct. 607, 596 A.2d 1161 (1991), *petition for allowance of appeal denied,* 530 Pa. 650, 607 A.2d 258 (1992). In reviewing this issue, however, the expressed legislative intent to insulate the Commonwealth and its political subdivisions from liability requires this Court to interpret the exceptions to sovereign and governmental immunity narrowly. *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987).

The Appellants contend that the trial court erred in granting summary judgment because: (1) it was the dangerous condition of the door that caused Byard's injury, not the action of his companion in closing it, and therefore, the real estate exception to sovereign immunity does apply, and (2) alternatively, a genuine issue of material fact exists as to whether the door constitutes a "dangerous condition" as used in 42 Pa.C.S. § 8522(b)(4).[1]

▮▮▮ For the real estate exception to sovereign immunity to apply, our Supreme Court has opined that the dangerous condition must cause the injury and "must derive, originate from, or have as its source the Commonwealth realty." *Snyder,* 522 Pa. at 433, 562 A.2d at 311. The exception does not apply where the injury is merely "facilitated" by the dangerous condition of the real estate and not caused by the dangerous condition of the real estate itself. *Snyder; Mascaro.* Based on these cases, this Court has held that the Commonwealth is immune from suit where a plaintiff is injured as a result of the action of a third party even though the injury might not have occurred "but for" the defect in the Commonwealth's property. *Downing,* 148 Pa.Commonwealth Ct. at 229, 610 A.2d at 537. Therefore, Appellants argument that

---

1. Appellants actually address their arguments here to the trial court analysis which found PHA immune from suit as a local agency pursuant to 42 Pa.C.S. § 8542 (governmental immunity). However, we will consider Appellant's arguments as if addressed to sovereign immunity, because the Supreme Court has indicated that both immunity statutes are to be interpreted consistently. *Crowell v. City of Philadelphia,* 531 Pa. 400, 410 n. 8, 613 A.2d 1178, 1183 n. 8 (1992) (citing *Snyder v. Harmon,* 522 Pa. 424, 435 n. 7, 562 A.2d 307, 312 n. 7 (1989)).

PHA is liable because Byard would not have been injured had the proper closing mechanism been installed, is misplaced.

This Court addressed a factual situation similar to that of the instant case in *Gallagher v. Commonwealth of Pennsylvania, Bureau of Correction,* 118 Pa.Commonwealth Ct. 516, 545 A.2d 981 (1988), *petition for allowance of appeal denied,* 520 Pa. 620, 554 A.2d 511 (1989). In *Gallagher,* an inmate used a cell door as a ladder to climb into the top bunk of the cell. His bunkmate closed the door on his finger, severing it. The cell door, like the fire door in the present case, was closed by a third party, without whose action there would have been no injury. The trial court found *Gallagher* controlling.

■ Appellants attempt to distinguish *Gallagher* by arguing that the fire door in the case before us was used as intended, *i.e.* as a door, whereas the cell door in *Gallagher* was being used as a ladder. We find that how the real estate is used, is not always dispositive of the issue (in *Gallagher* the cell door was intended to be used as a ladder); rather, the more basic question is whether a dangerous condition of the real estate *itself* results in the injury and not a superseding cause. In *Gallagher,* as in this case, the door was put in motion by a third party. Because we find that the injury was caused by Byard's unidentified companion shutting the door on his finger, regardless of the door's condition, *Gallagher* controls.

■ Appellants cite *City of Philadelphia v. Duda,* 141 Pa.Commonwealth Ct. 88, 595 A.2d 206 (1991) (plaintiff injured by diving into a pool whose depth markers were painted over by city), and argue that the door was unsafe for the purpose for which it was used, and thus the agency responsible for its maintenance is liable. But as this Court pointed out in *Downing,* the real estate exception applied in *Duda* only because the real estate itself caused the injury "with no accompanying intervening act that could cut off the city's liability." *Downing,* 148 Pa.Commonwealth Ct. at 231 n. 7, 610 A.2d at 538 n. 7. Here, the act of Byard's unidentified companion in closing the door on Byard's finger is clearly a superseding negligent act and the proximate cause of Byard's injury, which cuts off PHA's liability. *Gallagher.*

Because several recent cases involving governmental immunity might be viewed as casting doubt on the continuing validity of older cases regarding governmental immunity directly, and sovereign immunity by implication,[2] we find it necessary to examine the most recent Supreme Court pronouncements. We conclude that *Duda* and *Gallagher* continue to be valid based on the Supreme Court's holding in *Dickens v. Horner*, 531 Pa. 127, 611 A.2d 693 (1992), where Justice Papadakos writing for the Court, stated that "the criminal *and negligent acts* of third parties *are* superseding causes which absolve the original actor from liability for the harm caused by such third parties." *Id.* at 130–31, 611 A.2d at 695 (emphasis added).

■ Furthermore, this Court recently, in reconciling the Supreme Court's recent pronouncements concerning immunity in general, has stated that:

> *Crowell* [*v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992) ] then establishes the principle that for a governmental unit to be held liable, active fault that has a direct nexus to the plaintiff is required on the part of the governmental unit to impose liability. Mere failure to act will not act to impose liability.

*Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 581–582, 621 A.2d 1197, 1203 (1993). Here, PHA has, at most, failed to act, which is insufficient to impose liability on it.

Because we are unable to distinguish the present case from *Gallagher*, we conclude *Gallagher* is controlling. Our review of recent Supreme Court opinions further confirms that sovereign immunity relieves PHA of liability. Based on the foregoing discussion, we affirm the order of the trial court.

### ORDER

NOW, July 22, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

---

**2.** *See supra* note 1.

276

LORD, Senior Judge, concurring.

I concur. In my opinion, the lack of proper closure device and the jagged metal edge of the fire door which had torn off Byard's finger could be found by a jury to be both a dangerous condition of the real estate and a substantial cause of the accident. I am bound to agree with that portion of the majority which, when discussing governmental immunity in the context of third-party tortfeasors [1], states:

> Furthermore, this Court recently, in reconciling the Supreme Court's recent pronouncements concerning immunity in general, has stated that:

> > *Crowell* [*v. City of Philadelphia*, 531 Pa. 400, 613 A.2d 1178 (1992)] then establishes the principle that for a governmental unit to be held liable, active fault that has a direct nexus to the plaintiff is required on the part of the governmental unit to impose liability. Mere failure to act will not act to impose liability.

> *Powell v. Drumheller*, 153 Pa.Commonwealth Ct. 571, 582, 621 A.2d 1197, 1203 (1993). Here PHA has, at most, failed to act, which is insufficient to impose liability on it.

However, I am constrained to observe that *Crowell* also says a governmental agency's exemption from liability should only be applied when that governmental agency would be entitled to indemnity, and not when the governmental agency is a joint tortfeasor with a third party. It is, of course, settled law that the governmental agency or anyone else can be held to be a joint tortfeasor even if the negligence is based on a failure to act when a duty to act exists.

---

1. In this case, the alleged third-party tortfeasor is unknown.