## Semasko v. Johnstown Housing Authority

C.P. of Cambria County, no. 1995-2968.

*Caram J. Abood,* for plaintiffs.
*Anthony W. Hinkle,* for defendant.

SWOPE, *J.,* December 14, 1995—This matter is before the court on the preliminary objections of the de-

fendant Johnstown Housing Authority. The Johnstown Housing Authority contends that the doctrine of sovereign immunity precludes the plaintiff's cause of action against it. A necessary component of that position is that the cause of action does not fall into any statutory waiver of sovereign immunity.

The defendant's preliminary objections in the form of a demurrer are in essence a motion for judgment on the pleadings. In deciding a motion for judgment on the pleadings the court may only construe the pleadings and any attached documents; it may draw only those inferences which reasonably flow from them. Pa.R.C.P. 1034; *Kosor v. Harleysville Mutual Insurance Co.,* 407 Pa. Super. 68, 595 A.2d 128 (1991). This standard is stricter than that of summary judgment:

"Under Pa.R.C.P. 1034, a motion for judgment on the pleadings may be granted in cases which are so free from doubt that a trial would clearly be a fruitless exercise. Such a motion is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted against him may be considered against him. . . . Unlike a motion for summary judgment, the power of the court to enter a judgment on the pleadings is further circumscribed by the requirement that the court consider only the pleadings themselves and any documents properly attached thereto." *Moore v. McComsey,* 313 Pa. Super. 264, 267, 459 A.2d 841, 843 (1983). (ellipsis in original; citations omitted)

Viewing the pleadings in a light most favorable to the plaintiff, the facts are as follows. On June 18, 1995, the minor plaintiff Clinton Edwards was injured at the Community Center of Oakhurst Homes while standing on top of the entrance steps of the Community Center. Unbeknownst to the boy, the Community Center's door

was hung too high above the doorjamb and had a sharp edge jutting out of its corner. As he was waiting to enter, the door swung open behind him and cut two inches deep into the back of the boy's right leg above the ankle. The Achilles tendon of Clinton's right leg was completely severed. The complaint does not indicate who opened the door; however, nothing in the record indicates that whoever opened the door did so negligently. For the purposes of this opinion, therefore, the court must infer that the door was opened normally. The Johnstown Housing Authority is the Commonwealth agency that owns Oakhurst Homes including the entrance to the Community Center.

The question before the court is whether this injury falls under the legislature's partial waiver of immunity as codified at 42 Pa.C.S. §8522. That section states in pertinent part:

"*(b) Acts which may impose liability.*—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:

"*(4) Commonwealth real estate, highways and sidewalks.*—A dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private person, and highways under the jurisdiction of a Commonwealth agency, except conditions described in paragraph (5)."

It is well settled that courts are to construe this section narrowly because in spite of its statutory waiver of immunity the legislature's general intent is "to insulate political subdivisions from tort liability." *Mascaro v.*

*Youth Study Center,* 514 Pa. 351, 361, 523 A.2d 1118, 1123 (1987). (citations omitted)

The defendant analogizes this case to two cases in which the real estate waiver of sovereign immunity was inapplicable: *Byard v. Philadelphia Housing Authority,* 157 Pa. Commw. 269, 629 A.2d 283 (1993), and its predecessor, *Gallagher v. Bureau of Correction,* 118 Pa. Commw. 516, 545 A.2d 981 (1988). In both cases the Commonwealth Court ruled that the subject real estate merely "facilitated" the plaintiff's injury rather than directly caused it.

In *Gallagher,* a prison inmate injured his hand when his cellmate closed the cell door on it. At the time the plaintiff was using the cell door as a ladder, which apparently was one of the door's intended uses. The Commonwealth Court, however, rejected the plaintiff's argument that the defective design of the ladder-door caused his injury. *Gallagher, supra* at 522, 545 A.2d at 984 (while appellant's argument had "a certain appeal" nonetheless under a narrow interpretation of the statute the case did not fall within the exception). In *Byard,* the Commonwealth Court said that "[b]ecause the injury was caused by Byard's unidentified companion shutting the door on his finger, regardless of the door's condition, *Gallagher* controls . . . ." Liability therefore did not attach.

*Gallagher* and *Byard* have a common theme. In those two cases, the Commonwealth was immune to lawsuit because the injuries would have occurred whether the doors were defective or not. Stated somewhat differently, the Commonwealth was immune in *Gallagher* and *Byard* because even a non-defective door can injure or even sever fingers when closed on a victim's hand. This appears to be what the appellate courts have meant by a dangerous Commonwealth real estate condition

404

that merely "facilitates" an injury. See generally, *Mascaro, supra* at 363, 523 A.2d at 1124.

The instant case does not present the same situation as *Gallagher* and *Byard.* The plaintiff notes, and the court agrees, that "[w]hile it is possible for anyone to get a finger caught in any door, it is not possible for any door to cut someone's Achilles tendon . . . ." It seems likely that a normal door might bruise someone if thrown open. Only a door with design and manufacturing defects, however, can hamstring a child when opened normally. The Commonwealth Court recently reaffirmed that imposition of liability is permissible where a dangerous condition of Commonwealth real estate exists due to improper design, construction, deterioration, or inherent defect of the real estate itself. *Finn v. City of Philadelphia,* 165 Pa. Commw. 255, 264, 645 A.2d 320, 325 (1994). The court will therefore deny the defendant's preliminary objections.

Accordingly, the following order is entered.

## ORDER

And now, December 14, 1995, it is hereby ordered and decreed that the defendant's preliminary objections are denied.