**Ortiz v. Allentown Housing Authority**

2

C.P. of Lehigh County, no. 97-C-2374.

*Daylin B. Leach,* for plaintiff.
*Eugene F. Hickey II,* for defendant.

BLACK, *J.,* February 17, 1999—Plaintiff Estabon Ortiz, as guardian of his 6-year-old son Alexis Ortiz, seeks to recover money damages from defendant Allentown Housing Authority, for injuries sustained by Alexis when he fell from a piece of elevated playground equipment, commonly known as "monkey bars," at defendant's Cumberland Gardens public housing project, where plaintiff and his son reside. Defendant had erected the monkey bars on the playground at Cumberland Gardens over a hard concrete or macadam surface. According to plaintiff's expert report, this hard surface directly underneath the monkey bars was inappropriate and contributed to the injuries sustained by Alexis.[1]

---

1. Report of Dr. Richard Roberts, dated August 24, 1998.

Before the court is defendant's motion for summary judgment. Defendant's brief in chief argues that plaintiff's claim is barred by the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8541 et seq. However, under prevailing case law, this Act does not apply to a housing authority, which is considered a state instrumentality rather than a political subdivision or other local agency. The immunity of a housing authority from suit is governed by the sovereign immunity doctrine for Commonwealth agencies set forth in 42 Pa.C.S. §8521 et seq., and not by the governmental immunity rule for local agencies contained in 42 Pa.C.S. §8541 et seq. *Byard v. Philadelphia Housing Authority,* 157 Pa. Commw. 269, 629 A.2d 283 (1993); *Downing v. Philadelphia Housing Authority,* 148 Pa. Commw. 225, 610 A.2d 535 (1992). Accordingly, defendant's motion as originally presented is without merit.

In its reply brief, defendant has abandoned the governmental immunity argument and instead contends that plaintiff's claim is barred by the doctrine of sovereign immunity in 42 Pa.C.S. §8521.[2] As a matter of judicial economy, we will consider defendant's contention at this time, even though it differs from defendant's original position.

---

2. This change of direction may have been precipitated in part by recent appellate cases holding that a dangerous condition "on" real estate (as well as a condition "of" real estate) could qualify under the real estate exception in the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542(b)(3). See *Grieff v. Reisinger,* 548 Pa. 13, 693 A.2d 195 (1997); *Snyder v. North Allegheny School District,* 722 A.2d 239 (Pa. Commw. 1998); *Hanna v. West Shore School District,* 717 A.2d 626 (Pa. Commw. 1998); *Martin v. City of Philadelphia,* 696 A.2d 909 (Pa. Commw. 1997). These cases may have sounded the death knell for the "on/of" distinction in applying the real property exception under the Political Subdivision Tort Claims Act.

A Commonwealth agency is immune from suit under the doctrine of sovereign immunity unless the claim falls within one of the eight exceptions set out at 42 Pa.C.S. §8522(b). The exception at issue here is the so-called real estate exception, pursuant to which Commonwealth agencies are liable for damages that have been caused by "[a] dangerous condition of Commonwealth agency real estate and sidewalks. . . ." 42 Pa.C.S. §8522(b)(4).[3]

Plaintiff's theory of liability is that the hard concrete or macadam surface underneath the monkey bars created an unreasonable risk of injury to children, who often fall from this type of climbing apparatus. This concrete or macadam surface was not a transitory foreign substance, like a banana peel or a patch of ice, which arguably is merely "on" the real property. Rather, the concrete or macadam surface was part "of" the real estate itself. Although such a surface is not always dangerous, plaintiff's expert has opined that this type of surface is hazardous when placed directly underneath children's elevated playground equipment, such as the monkey bars here. According to plaintiff's expert, it is well-known to playground design professionals that there are softer materials available that are clearly more appropriate for this use.

This case, therefore, is factually similar to *City of Philadelphia v. Duda by Duda.* 141 Pa. Commw. 88, 595 A.2d 206 (1991), where the plaintiff was injured diving

---

3. The text of the real estate exception for local agencies is different. It speaks of damages arising from the "care, custody or control of real property in the possession of the local agency." 42 Pa.C.S. §8542(3). Nevertheless, until recently, both exceptions were interpreted to apply only if there was a dangerous condition "of" the real estate. See footnote 2, *supra.*

into a pool whose depth markers had been painted over by the city. At the time of the decision in *Duda,* the Pennsylvania appellate courts still required that there be a dangerous condition *"of"* the real property for a municipality to be liable under the governmental immunity real estate exception.[4] Nevertheless, the Commonwealth Court held the City of Philadelphia liable, reasoning that the real estate itself, *i.e.,* the pool bottom, had caused the plaintiff's injury. Similarly, under plaintiff's theory of liability here, it was the hard concrete or macadam surface that allegedly caused Alexis' injury; and this hard surface, like the pool bottom, was a dangerous condition "of" the real estate itself.

This reasoning was recently confirmed in *Smith v. PennDOT,* 700 A.2d 587 (Pa. Commw. 1997) where the design and construction of a highway was alleged to be a dangerous condition "of" Commonwealth real property. In *Smith,* the court reversed a grant of summary judgment in favor of the Department of Transportation. The court held that the department had a duty to properly design and construct its highways so that they were safe for their intended purpose, and that the real estate exception to sovereign immunity in 42 Pa.C.S. §8522(b)(4) applied.

Defendant has attached to his brief in chief a copy of an expert report stating that the concrete or macadam surface was "not deficient."[5] However, we cannot grant summary judgment to defendant on the basis of its own expert's report. A jury will have to determine which of the experts is more credible. As defendant acknowledges

---

4. See footnote 2, *supra.*
5. Report of John J. Pocius P.E., dated September 30, 1998.

in its brief, where there is a genuine issue of material fact, summary judgment is not appropriate. *Penn Center House Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989). Nor should such relief be granted unless the case is clear and free from doubt. *Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 561 A.2d 1261 (1989).

In the instant case, there is a genuine dispute, reflected in the conflicting expert reports, as to whether the surface underneath the monkey bars was a dangerous condition. Because of this factual dispute, we cannot find that the matter is clear and free from doubt. Therefore, defendant's summary judgment motion must be denied.

### ORDER

Now, February 17, 1999, upon consideration of defendant's motion for summary judgment, after review of the parties' briefs and for the reasons set forth in the accompanying memorandum opinion, it is ordered that said motion be and hereby is denied.