## Shields v. Philadelphia Housing Authority

*John F. Hanahan* and *Marc D. Vitale,* for plaintiff
*David P. Bateman,* for defendant

RIZZO, *J.,* February 15, 2013—The appellant, Towanda Shields, appeals from this court's order of August 9, 2012, docketing date of August 14, 2012, that granted the defendant's motion for summary judgment.

## PROCEDURAL HISTORY

This is a premises liability action arising from appellant Towanda Shields' allegations that as a result of the negligence of appellee Philadelphia Housing Authority, appellant suffered a complex fracture of her forearm and wrist. Prior to the filing of her complaint, appellant sent a notice prerequisite to suit to appellee on December 7, 2009. Appellant then sent an amended notice prerequisite to Suit on July 21, 2010. Appellant commenced this action in Philadelphia County by filing a complaint on July 26, 2011. Appellee filed an answer to the complaint

and new matter which raised the issue of sovereign immunity on August 25, 2012. Appellant and appellee completed a case management conference on November 1, 2011 and the court issued a case management order. appellant filed a reply to appellee's new matter on January 7, 2012. Following completion of discovery, appellee filed a motion for summary judgment on August 7, 2012. Appellant filed an answer in opposition to appellee's motion for summary judgment on September 7, 2012. Appellee filed a sur-reply to said motion for summary judgment on October 2, 2012. This court granted appellee's motion for summary judgment and dismissed plaintiff's complaint with prejudice on November 2, 2012.

## FACTS

Appellant Shields alleges in her complaint that on November 24, 2009, she suffered injuries from a trip and fall on the interior stairs of her apartment unit located at 1810 N. 25th Street, Apartment F. The apartment is owned by appellee Philadelphia Housing Authority. Upon returning from the Brighton Hill Church with bags of food in-hand, appellant entered through the front door, walked up the steps to her second-floor apartment, dropped off the bags, and then descended the stairwell to close the front door. On the way back down the steps, appellant fell and severely fractured her forearm and wrist.

Appellant, through three different attorneys, has alleged several inconsistent theories of premises defect. The original notice prerequisite to suit alleged that appellant fell due to "slippery metal steps." The amended notice prerequisite to suit alleged that appellant fell due

to "defective steps." The complaint alleges that plaintiff fell due to "slippery metal steps and glass from the screen door." Appellant's case management memorandum alleges that appellee negligently caused "broken glass to remain on a metal step." Appellant's deposition testimony alleges that her fall was also caused by a "cracked tile" on the step's landing and rain which caused the steps to be slippery.

According to appellant's deposition testimony, a PHA maintenance man came to the premises to fix her screen door the day before the incident. (Pl. dep. exhibit "G" page 24, lines 13-16). The maintenance man allegedly shattered the window pane of the door and failed to clean it up. In contrast, appellant also testified that she shared a piece of cake leftover from the Brighton Hill Church bag with the maintenance man who was there to there to fix the screen door. (Pl. dep. exhibit "G" page 26, lines 11-19; page 27, lines 3-9). Appellant was unable to specifically state whether the maintenance man was at her apartment at around midnight or whether he came the following day. Appellant did not provide a work order or a witness to corroborate her recollection of the maintenance man's presence on the premises for any of these three days.

There are approximately fifteen steps on the stairwell leading to appellant's apartment. Appellant stated she fell on the fourth or fifth step from the top. (Pl. dep. Exhibit "G" page 22, lines 4-12). Appellant also testified that the "cracked tile" was located at the top of the steps, not at the bottom. In support of her claim, appellant provided photos of the condition of her steps, the landing area at the top of the steps, and the bottom of the Nike boots she

wore during the incident. When appellant was shown a photo of the condition of the steps, appellant agreed the photos revealed no glass on the steps themselves. (Pl. dep. exhibit "G" page 32, lines 5-17). When shown the photo of the top portion of her steps, appellant conceded that the photos did not show any glass or debris. (Pl. dep. exhibit "G" page 32, line 18 through page 33, line 7). When shown a higher-resolution photo of the bottom of her Nike boots, appellant conceded that the particles attached to the bottom of her boots appeared to be dirt rather than glass. (Pl. dep. exhibit "G" page 52, line 14 through page 54, line 7). Appellant raises the fact that the photographs were taken six (6) days after her fall.

## ISSUE ON APPEAL

The matter complained of on appeal is summarized below:

The trial court committed an error of law by granting the appellee's motion for summary judgment and dismissing appellant's complaint with prejudice for appellant's failure to allege any theory of liability which meets the sovereign immunity exceptions from premises liability outlined in 42 Pa.C.S. §§8522(b).

## LEGAL DISCUSSION

*I. THE TRIAL COURT CORRECTLY GRANTED APPELLEE'S MOTION FOR SUMMARY JUDGMENT BASED ON THE ON THE EVIDENCE ON THE RECORD AT THE TIME THE COURT MADE ITS RULING.*

Summary judgment is proper where, after the completion of discovery, an adverse party bearing the

burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense. Pa.R.C.P. 1035.1 through 1035.5. We view the record in light most favorable to the non-movant and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Pennsylvania State University v. Count of Centre*, 615 A.2d 303, 302 (1992). Here, there is no genuine issue of material fact requiring this court to adjudicate claims in appellant's favor.

Appellee asserts the affirmative defense of sovereign immunity set forth in the Sovereign Immunity Act. *Downings v. Phila. Housing Authority*, 610 A.2d 535 (1992). Under the Sovereign Immunity Act, the Commonwealth and related local governmental entities are immune from premises liability suits in most circumstances. Immunity, however, may be set aside under certain exceptions. 42 Pa.C.S. §8521(a). There are two prongs that must both be met to trigger an exception. First, damages must be recoverable under common law or statute and the injury must have been caused by the negligent acts of a local agency or the employee acting within the scope of the agency. §8542(a) (emphasis added). Second, the injury must have occurred as a result of one of eight exceptions. §8541(b).

Only the "real estate" exception is relevant here. Under this exception, the injury must have been caused by a dangerous condition derived from defective realty or a defect in the realty's construction, maintenance, repair or design. §8522(b)(7). *Jones* at 444-45. A dangerous condition caused by a substance or object foreign to the realty is insufficient to establish the real estate exception.

*Jones* at 445. The dangerous condition must derive from the "realty itself." *Id.* (emphasis added). It is well established that exceptions to immunity are to be strictly construed because of the clear legislative intent to insulate government from exposure to tort liability. *Dean v. Com., Dept. of Transp.*, 751 A.2d 1130, 1132 (2000).

On appellee's motion for summary judgment, this court does not determine whether the alleged defects factually amounted to dangerous conditions of the real estate. This court determines if the alleged real estate conditions are legally cognizable defects under the real estate exception. *Thornton v. Philadelphia Hous. Auth.*, 4 A.3d 1143, 1149 (Pa. Commw. Ct. 2010). The issue here is not whether appellant's alleged dangerous conditions existed, but whether PHA would be liable for the conditions under the real estate exception to sovereign immunity. *Dean v. Com., Dept. of Transp.*, 751 A.2d 1130, 1135 (2000).

Even with all facts viewed in light of the non-moving party, appellant has not alleged facts which show a realty defect or dangerous condition derived from realty which caused her injury. Appellant testified that she fell on the fourth or fifth step down from the top of the stairwell which contained approximately fifteen steps. (Exhibit "G" page 21 - 22). The location of her fall is critical to the resolution of her claim. To set aside immunity, appellant must identify the realty defect which existed at the location of her fall. Thus, appellant must identify what realty defect exists at the fourth or fifth step down from the top of the stairs.

Appellant raises three potential "defects" that caused her fall. First, appellant claims the stairs were slippery from

rain. Second, appellant claims a "cracked tile" contributed to her fall. Third, appellant claims she fell from shattered glass left behind by a PHA.

Appellant claims rain caused the steps to become wet and slippery. In *Page v. City of Philadelphia*, the Pennsylvania Supreme court held that snow and ice are not conditions "derived from realty" and thus, do not meet the sovereign immunity exception under section 8522(b)(4). 25 A.3d 471, 476 (Pa. Commw. Ct. 2011) appeal denied, 40 A.3d 124 (Pa. 2012). Similarly, salt on the grounds of a SEPTA train station which caused a plaintiff to fall and become injured is not a dangerous condition which pierces immunity because salt did not derive from the realty itself. *Jones v. SEPTA*, 772 A.2d 435, 444 (2011). The rain, like salt, snow, and ice, is foreign to the realty and does not, as a matter of law, meet the real estate exception. Moreover, rain is a natural formation, not a defect of realty's construction, maintenance, or repair. *Id.*

When asked the location of the cracked tile, appellant unequivocally asserted that the cracked tile was and is located at the top of the steps. appellant testified to safely beginning her descent from the top of the steps where the cracked tile was located. She did not fall until the "fourth or fifth" step. While a cracked tile could be a real estate defect within the meaning of 42 Pa. appellant makes no connection in her deposition testimony or through other evidence between the cracked tile and her fall. When asked directly if the cracked tile caused her to fall, appellant responded that she did not know. (Exhibit "G" page 22, line 13 through 23).

Like the cracked tile, the location of shattered glass is relevant to appellant's claim. appellant stated in her deposition testimony that the shattered glass was located at the bottom of the steps, not at the fourth or fifth step where she fell. In support of her claim appellant offered photographs of the stairwell to show the amount of shattered glass on the stairwell. The parties dispute whether or not the photos, taken six days after the incident, accurately represent the condition of the stairwell at the time of appellant's fall. This disagreement does not, however, create a genuine issue of material fact because the amount of glass towards the bottom of the stairwell is immaterial to the appellant's claim. Even taking the most expansive view of the facts established only by appellant's own testimony, there is no correlation between appellant's fall at the fourth or fifth step from the top and shattered glass at or near the bottom of the staircase. appellant offers no evidence to explain how glass may have traveled against gravity, up the staircase to the location of appellant's fall. appellant could not identify remnants of glass in the photo of her boot's soles nor did she identify glass in the photographs of the staircase.

Appellant suffered a complete fracture of her left arm. She does not allege injuries, such as lacerations, which would result from contact with shattered glass. Even if this court accepted that the maintenance person was an agent of the Philadelphia Housing Authority who left shattered glass behind after performing repair work, the evidence does not show how the glass from the front door is a real estate defect of the steps which caused her injury.

If, for argument's sake, shattered glass was left behind on the fourth or fifth step, this would still only show a substance on the real property such as rain, not a defect of the property itself within the meaning of the real estate exception. appellant makes no connection between the shattered glass and her broken arm.

We do not ignore the requirements of common law negligence in resolving appellant's claim. The facts offered by appellant do not support a negligence claim, which is a threshold requirement for setting aside Sovereign Immunity. 42 Pa. C.S. §8542(a). appellant has not established that the cracked tile was the proximate cause of her fall. Moreover, appellant has not established that appellee received notice of any dangerous conditions caused by rain or shattered glass. Because appellant does not establish a common law negligence claim, none of the Sovereign Immunity exceptions may apply.

Even if appellant met the threshold requirements of §8542(a), the dangerous conditions alleged - rain, a cracked tile at the top of the steps, and shattered glass at the bottom of the steps - do not establish legally cognizable real estate defects within the meaning of the realty exception. appellee is entitled to Sovereign Immunity granted by §8542.

## CONCLUSION

Based on the aforementioned, the trial court did not err in granting appellee's motion for summary judgment. For all reasons stated above, the ruling on the appellee's motion entered on November 2, 2012 should be upheld.